**Richard DOYLE, Plaintiff-Appellee,**

v.

**SOUTHERN GUARANTY CORPORATION, Defendant-Appellant.**

**Jimmy E. WOOD, Plaintiff-Appellee,**

v.

**FORT WAYNE MORTGAGE CO., Defendant-Appellant.**

**Nos. 85–8187, 85–8297.**

United States Court of Appeals, Eleventh Circuit.

June 5, 1987.

Wyck A. Knox, Jr., Augusta, Ga., for defendant-appellant in No. 85–8187.

Wyck A. Knox, Jr., Augusta, Ga., Susan L. Kupferberg, Atlanta, Ga., for defendant-appellant in No. 85–8297.

Thomas W. Tucker, David E. Hudson, John B. Long, Augusta, Ga., for plaintiffs-appellees.

Before RONEY, Chief Judge, CLARK, Circuit Judge, and FAIRCHILD *, Senior Circuit Judge.

* Honorable Thomas E. Fairchild, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by

**PER CURIAM:**

These cases came to this Court on a 28 U.S.C.A. § 1292(b) appeal of legal questions decided by the district court in denying defendants' motions for dismissal for failure to state a cause of action and summary judgment. These are diversity actions in which the plaintiffs-borrowers claim a cause of action under state usury laws, and the defendants-lenders assert various defenses including preemption by certain federal statutes.

This Court decided three points in controversy, and certified a fourth question of state law to the Supreme Court of Georgia. *Doyle v. Southern Guar. Corp.*, 795 F.2d 907 (11th Cir.1986). The Georgia court has now answered the question certified. *Southern Guaranty Corp., et al., v. Doyle, et al.*, 256 Ga. 790, 353 S.E.2d 510 (Ga.1987). The denial of defendants' motions to dismiss for failure to state a cause of action and summary judgment is due to be affirmed under the decisions made in those two opinions.

Although the appellants by supplemental brief seek the answers to other questions not presented by their motions and not addressed by the trial court, it is quite apparent that it would be inappropriate for this Court to express any opinion thereon. Appellants' attorneys have overlooked the fact that this is an interlocutory appeal from a denial of a motion to dismiss, while *Quiller v. Barclays American/Credit Inc.*, 764 F.2d 1400 (11th Cir.1985) (*en banc*), upon which they rely, was an appeal from a final judgment granting a motion to dismiss, in which the district court was reversed.

AFFIRMED and REMANDED.